UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PRISCILLA CLARKE,

    Plaintiff,

v.

    CASE NO.:

ALTA RESOURCES CORP., a Foreign
Profit Corporation,

    Defendant.
_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PRISCILLA CLARKE ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, ALTA RESOURCES CORP. ("Defendant"), a Foreign Profit Corporation, and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to obtain declaratory relief, a judgment against Defendant as to liability, and recover unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

### PARTIES

3. At all times material to this action, Plaintiff was a resident of Lee County, Florida.

4. At all times material to this action, ALTA RESOURCES CORP. was a Foreign Profit Corporation. Further, at all times material hereto, ALTA RESOURCES CORP. was, and

1

continues to be, engaged in business in Florida, specifically, in Lee County, Florida.

5. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

6. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

7. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

8. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

9. At all times material to this action, Defendant was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

10. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

11. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as office supplies, telephones, and computers, used in the customer-related outsourcing solutions business.

12. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

13. On approximately August 24, 2015, Defendant hired Plaintiff to work as a non-exempt, hourly-paid, customer service representative for Defendant's outsourcing business. Then, in November, 2015, Plaintiff was promoted to Quality Auditor as a non-exempt, hourly-

paid employee.

14. Plaintiff's job duties as Quality Auditor included, but were not limited to, auditing telephone calls, attending meetings, communication with managers regarding findings and/or errors in member services' calls and submitting audits each week.

15. At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a workweek.

16. From at least November 2015 to September 12, 2016, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

17. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

18. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendant.

19. Defendant has violated Title 29 U.S.C. §207 from November 2015 to September 12, 2016, in that:

    a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendant;

    b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

    c. Defendant has failed to maintain proper time records as mandated by the FLSA.

20. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendant is and has been aware of the FLSA's mandates and its applicability to Plaintiff's employment, but chose not to pay her at an overtime rate for all of her overtime hours.

21. Defendant failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

22. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

23. Plaintiff re-alleges paragraphs 1 through 22 of the Complaint, as if fully set forth herein.

24. From at least November 2015 to September 12, 2016, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

25. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

26. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

27. Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

28. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40)

hours per workweek when it knew, or should have known, such was, and is, due.

29. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

30. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 17th day of May 2017.

_____
ANGELI MURTHY, ESQ.
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 North Pine Island Road, Suite 400
Plantation, Florida 33324
Tel: 954-318-0268/Fax: 954-327-3016
E-Mail: **Amurthy@forthepeople.com**
*Trial Counsel for Plaintiff*

## VERIFICATION

I, PRISCILLA CLARKE, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

Dated: 5/9/17

*Priscilla Clarke*
PRISCILLA CLARKE