UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PRISCILLA CLARKE,

    Plaintiff,

v.                                                   Case No: 2:17-cv-276-FtM-99CM

ALTA RESOURCES CORP.,

    Defendant.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the parties' Amended Joint Motion to Approve Settlement and Dismiss Case with Prejudice (Doc. 20) filed on October 20, 2017. The parties provided for the Court's review a copy of the Settlement Agreement and General Release. Doc. 20-1. The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim, and dismiss the case with prejudice. Doc. 20. For the reasons set forth herein, the Court recommends that the settlement be **APPROVED** and the case be dismissed with prejudice.

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit provides

> some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. . . . If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Nevertheless, the Court must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Store, Inc.*, 679 F.2d at 1355.

Here, Plaintiff Priscilla Clarke filed a Verified Complaint and Demand for Jury Trial ("Complaint") against Defendant Alta Resources Corporation alleging that Defendant did not compensate her with overtime pay in violation of the FLSA. Doc. 1 at 3-5. According to the Complaint, Defendant is a foreign for-profit corporation engaged in business in Lee County, Florida. *Id.* ¶ 4. Plaintiff is a resident of Lee County, Florida, who was employed by Defendant as a non-exempt hourly Quality Auditor[2] during the relevant time period between November 2015 and September 12, 2016. *Id.* ¶¶ 3, 13, 16, 19. Plaintiff alleges that although she worked in excess of forty hours within a workweek, she never received appropriate compensation for her overtime. *Id.* ¶ 19(a)-(b). Plaintiff further alleges that Defendant did not maintain proper time records as required by the FLSA. *Id.* ¶ 19(c).

In the proposed settlement agreement, Defendants agree to pay Plaintiff a settlement amount totaling six thousand dollars ($6,000.00) in consideration of Plaintiff's underlying claims for unpaid wages and liquidated damages and her general release of claims. Doc. 20-1 ¶ 2. The settlement provides that Plaintiff will receive a payment of one thousand, two hundred fifty dollars ($1,250.00) for wages, and a second payment of one thousand, seven hundred fifty dollars ($1,750.00) consisting of one thousand, two hundred fifty dollars ($1,250.00) for liquidated damages, and five hundred dollars ($500.00) for Plaintiff's general release. *Id.* In addition to the separate monetary consideration, Defendant is providing Plaintiff

---

[2] Plaintiff began working for Defendant as a Customer Service Representative on August 24, 2015, but her position was changed to Quality Auditor in November 2015, the beginning of the relevant time period. Doc. 1 at ¶¶ 13, 16, 19.

with a reciprocal general release and a neutral employment reference. *Id.* ¶ 4, 7. Defendant also will pay Plaintiff's counsel three thousand dollars ($3,000.00) as reasonable attorney's fees and costs. *Id.* ¶ 2.

The parties state that they reached the settlement after analyzing their respective claims and defenses and reviewing time, payroll, and building entry and exit logs, as well as interviewing witnesses. Doc. 20 at 3. Each party was independently represented by counsel with extensive experience in litigating claims under the FLSA. *Id.* at 5. Plaintiff represents that the negotiated amount of settlement funds to be paid to her is reasonable in light of the uncertainty of Plaintiff's ability to prove her claim and the complexity, expense, and length of litigation should she proceed. *Id.* at 4.

Based on the Court's review of the settlement agreement, the parties' representations and the policy in this circuit of promoting settlement of litigation, the proposed settlement appears to be a fair and reasonable compromise of the dispute.[3] Other courts in this district have approved similar settlements for a compromised amount in light of the stipulation of the parties, strength of the defenses and the expense and length of continued litigation, as the parties have recognized here. *See e.g.*, *Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), report and recommendation adopted, No. 6:10-CV-1302-

---

[3] The Court notes that it previously reviewed the parties' settlement agreement and determined it generally to be fair and reasonable as to the terms of the settlement, but declined to recommend approval of the settlement because the parties did not specify whether attorneys' fees were negotiated separately. Doc. 19.

ORL-22, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483 (M.D. Fla. June 24, 2014); *Helms v. Central Florida Regional Hospital*, 2006 WL 3858491 (M.D. Fla. Dec. 26, 2006).

As the Court noted in its Order of October 20th, 2017 (Doc. 19), the proposed settlement agreement contains a mutual general release of claims. Doc. 20-1 ¶ 4. In FLSA cases, general releases typically are disfavored because "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) (holding that the proposed FLSA settlement agreement was unfair and precludes evaluation of the compromise because of the pervasive and unbounded scope of the release). However, this Court as well as other courts within this district have approved general releases in FLSA cases when the plaintiff receives compensation that is separate and apart from the benefits to which plaintiff is entitled under the FLSA. *See, e.g., Davis v. JP Sports Collectibles Inc.*, No. 2:16-cv-154-FtM-CM, 2016 WL 7474571, at *2 (M.D. Fla. Dec. 29, 2016) (approving the settlement agreement with mutual general releases because the plaintiffs received independent consideration for their individual general releases); *Weldon v. Backwoods Steakhouse, Inc.*, 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014); *Buntin v. Square Foot Management Company, LLC*, 6:14-cv-1394-Orl-37GJK, 2015 WL 3407866, at *2 (M.D. Fla. May 27, 2015); *Raynon v. RHA/Fern Park MR., Inc.*, 6:14-cv-1112-Orl-37TBS, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014).

In *Buntin*, the court approved a settlement agreement that contained a general release because it was supported by independent consideration apart from that owed to him under the FLSA, specifically a mutual general release and a specific neutral reference by defendant. *Buntin*, 2015 WL 3407866, at *3. Other courts in this district also have found mutual general releases to confer a benefit on a plaintiff, and thus acceptable. *See, e.g.*, *Capers v. Noah's Ark Repair Serv., Inc.*, No. 6:11-cv-457-ORL-28TB, 2013 WL 3153974, at *3 (M.D. Fla. June 19, 2013) (approving agreement as fair and reasonable where containing a mutual general release, finding that "[it] also confer[s] a benefit upon Plaintiff."); *Vergara v. Delicias Bakery & Rest., Inc.*, No. 6:12-cv-150-Orl-36KRS, 2012 WL 2191299, at *2–3 (M.D. Fla. May 31, 2012), report and recommendation adopted, 2012 WL 2191492 (M.D. Fla. Jun.14, 2012) (approving settlement agreement where general release by employee was exchanged for a mutual release by employer).

Here, the parties assert that the mutual general release was independently important to Plaintiff in light of Defendant's contention that she was paid for hours not worked. Doc. 20 ¶ 5. Furthermore, Defendants agree to pay an additional $500.00 as consideration for Plaintiff's general release of claims. Doc. 20-1 ¶ 2(b). Because this compensation and Defendant's reciprocal general release constitute sufficient independent consideration for Plaintiff's general release, it appears to the Court that the parties' mutual general release of claims does not render the agreement unfair or unreasonable. Doc. 20-1 ¶¶ 2, 4; *see Buntin*, 2015 WL 3407866, at *3 (approving a settlement agreement with a general release because it was

supported by a mutual general release and a specific neutral reference by the defendant).

The Court further notes that the proposed settlement agreement contains a non-disparagement clause and waiver of future employment. Doc. 20-1 ¶¶ 6-7. The non-disparagement clause stipulates that Plaintiff will not make any disparaging or negative remarks concerning any of the released parties, and that in return, Defendant will provide a neutral employment reference for Plaintiff. *Id.* ¶ 7. The non-disparagement clause specifically states that the Settlement Agreement is not confidential, and nothing prevents Plaintiff from disclosing the terms of the settlement agreement to any other person or entity. *Id.* The waiver of future employment states merely that Plaintiff will not apply for employment or seek reinstatement with Defendant. *Id.* at ¶ 7. For the reasons discussed below, it appears to the Court that the non-disparagement clause and waiver of future employment are fair and reasonable.

In FLSA cases, non-disparagement clauses generally are disfavored because "they 'thwart Congress's intent to ensure widespread compliance with the FLSA.'" *Ramnaraine v. Super Transportation of Florida, LLC*, No. 6:15-cv-710-Orl-22GJK, 2016 WL 1376358 at *3 (M.D. Fla. March 28, 2016) (citing *Pariente v. CLC Resorts and Developments, Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL6389756 at *5 (M.D. Fla. Oct. 24, 2014)). As the Court previously discussed (Doc. 19), this reasoning can be logically extended to clauses waiving future employment as the FLSA prohibits arrangements where the employer receives a gratuitous, although perhaps valueless,

promise from the employee in exchange for money that the employer already owes. *See Weldon*, 2014 WL 4385593 at *1 (citing *Moreno*, 729 F. Supp. 2d at 1351) (discussing how courts disfavor general releases in the context of a proposed FLSA settlement containing a general release and non-disparagement clause). Courts in this district, however, have recommended or approved FLSA settlements including non-disparagement and waiver of employment clauses in cases where separate consideration is given for such clauses. *See Ramos v. Acute Patient Care, Inc.*, No. 6:16-cv-1437-Orl-40GJK, 2017 WL1379825 at *5 (M.D. Fla. April 6, 2017) (recommending approval of an FLSA settlement containing a non-disparagement clause where there was separate consideration and parties provided the reason for the inclusion of the clause); *Smith v. Aramark Corp.*, 6:14-cv-409-Orl-22KRS, 2014 WL5690488 at *3-4 (M.D. Fla. Nov. 4, 2014) (recommending approval of an FLSA settlement where "separate and fair" consideration was provided); *Caamal v. Shelter Mortgage Company, LLC*, 6:13-cv-706-Orl-36KRS, 2013 WL 5421955 (M.D. Fla. Sept. 26, 2013) (adopting report and recommendation approving FLSA settlement with a non-disparagement clause and employment waiver where the plaintiff received separate consideration of five hundred dollars, a mutual release of claims, and an agreement to provide a neutral reference).

The non-disparagement clause and waiver of future employment here appears fair and reasonable in light of Plaintiff's receipt of a neutral employment reference, as well as the mutual release and separate payment of five hundred dollars discussed above. Doc. 20-1 at 2(b), 4, 6-7. The Court finds the *Caamal* case to be persuasive,

as it is a Middle District of Florida case with analogous facts. *See generally*, 2013 WL 5421955. In *Caamal*, the court approved an FLSA settlement wherein the Plaintiff received five hundred dollars, a mutual release of claims, and an agreement to provide a neutral reference in exchange for a general release of claims, non-disparagement agreement, and waiver of future employment. 2013 WL 5421955 at *4.

Similarly, here, Plaintiff has received five hundred dollars, a mutual release of claims, and an agreement to provide a neutral reference in exchange for a general release of claims, non-disparagement agreement, and waiver of future employment. Doc. 18-1 at ¶¶ 2(b), 4-7. While the parties here have structured their settlement agreement differently than in *Caamal*, the overall agreement is substantially similar to the FLSA settlement approved in *Caamal*. *See* 2013 WL 5421955 at *4 (approving an FLSA settlement where the plaintiff received monetary compensation, a mutual release of claims, and a neutral reference in exchange for a general release of claims, non-disparagement agreement, and waiver of future employment). Accordingly, it appears to the Court that the non-disparagement clause and waiver of future employment are fair and reasonable.

Lastly, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). The Court denied without prejudice Plaintiff's previous Joint Motion to Approve Settlement

Agreement and Dismiss Case with Prejudice (Doc. 18) because it was unclear whether Plaintiff's attorneys' fees were agreed upon separately and without regard to Plaintiff's settlement. *See* Doc. 19. As the Court noted in its prior order, the Court may approve a proposed FLSA settlement that "represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff," so long as the settlement terms are full and adequately disclosed and the settlement represents a compromise of the plaintiff's claims. *Id.*

Defendant here agrees to pay Plaintiff's attorney's fees in the amount of two thousand, two hundred forty dollars and thirty-six cents ($2,240.36) and costs in the amount of seven hundred fifty-nine dollars and sixty-four cents ($759.64). Doc. 20-1 ¶ 2(c). In the parties' Amended Joint Motion to Approve Settlement and Dismiss Case with Prejudice, the parties have clarified that Plaintiff's attorney's fees were negotiated separately from Plaintiff's settlement and did not impact the settlement amount. Doc. 20 at 5. Moreover, as Plaintiff has noted, the attorney's fees were reduced below lodestar. *Id.* at 4-5. Accordingly, the Court finds the negotiated attorney's fees to be fair and reasonable, and finds no indication that any conflict of interest tainted Plaintiff's negotiated settlement amount under the agreement. *See Silva*, 307 F. App'x at 351.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The Joint Motion to Approve Settlement (Doc. 20) be **GRANTED** and the Settlement Agreement (Doc. 20-1) be **APPROVED**; and

2. The Court enter an Order adopting the Report and Recommendation and dismissing the case with prejudice

**DONE** and **ORDERED** in Fort Myers, Florida on this 30th day of October, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record